UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM WAGSTAFF,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>LIFESAFER OF NORTHERN CALIFORNIA, et al.,<br><br>　　　　　Defendants. | Case No.15-cv-00484-NC<br><br>**ORDER FOR ADDITIONAL INFORMATION**<br><br>Re: Dkt. No. 37 |

The parties stipulate to dismiss defendant #1A Lifesaver of California with prejudice as to all claims in this action. Dkt. No. 37. Additionally, the parties stipulate to dismiss with prejudice all of Wagstaff's claims asserted against #1A Lifesaver for violations of the FLSA, the California Labor Code and related Wage Orders, and the UCL. *Id*. The parties have indicated to the Court that these defendants are not the proper parties and never employed plaintiffs, so plaintiffs do not have standing to bring their employment claims, specifically under the FLSA. *Id.* at 3. The parties refer to an affidavit of Kyle L. Allen, Vice President of Human Resources for LMG Holdings, Inc., the holding company of #1A Lifesaver of California, attesting to the lack of employment relationship between plaintiffs and #1A Lifesaver of California and #1A Lifesaver. *Id.*

An employee's right to a minimum wage and to overtime pay under the FLSA is nonwaivable and cannot be abridged by contract. *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 739 (1981). However, an employee may settle and waive claims

Case No.:15-cv-00484-NC

under the FLSA if the settlement is supervised by the Secretary of Labor or approved by the district court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Before approving an FLSA settlement, the Court must determine if it is a "fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55.

Here, the parties request that the Court enter an order dismissing FLSA claims against both #1A Lifesaver of California and #1A Lifesaver and find that the plaintiffs do not have standing to bring the FLSA claims. In order for the Court to make a finding that plaintiffs do not have standing, the parties must submit the affidavit of Kyle L. Allen for the Court's review. In order for the Court to dismiss the FLSA claims with prejudice by stipulation of the parties, the Court must review the settlement and determine whether it is a "fair and reasonable resolution of a bona fide dispute." Therefore, the parties must submit clarification on which basis they seek dismissal of the FLSA claims and the additional evidence supporting that basis for the Court's review. Additional information must be submitted by July 1, 2015.

**IT IS SO ORDERED.**

Dated: June 24, 2015

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No.:15-cv-00484-NC                     2